# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOSE ALFREDO GOMEZ, et al., <br><br> Defendants. | Case No.: 1:10-cv-02249 - LJO - JLT <br><br> ORDER DIRECTING PLAINTIFF TO FILE SUPPLEMENTAL BRIEFING |

J & J Sports Productions, Inc., ("Plaintiff") seeks the entry of default judgment against Aurelio Cortez, individually and doing business as Los Manajares Restaurant ("Defendant"). (Doc. 19). The motion is unopposed. For the following reasons, Plaintiff is directed to file supplemental briefing in support of the application for default judgment.

**I.   Procedural History**

On December 3, 2010, Plaintiff filed its complaint against Jose Alfredo Gomez and Silvia C. Gomez, individually and doing business as Los Manjares Restaurant. (Doc. 1). Upon application of Plaintiff, default was entered against these defendants pursuant to Fed. R. Civ. P. 55(a) for their failure to answer. (Docs. 9-10). However, Jose Gomez and Silvia Gomez filed a "Notice of Filing Bankruptcy" on April 20, 2011. (Doc. 13).

Plaintiff filed its First Amended Complaint against Jose Gomez, Silvia Gomez, and Aurelio Cortes, individually and doing business as Los Manjares Restaurant on May 17, 2011. (Doc. 14).

1

According to Plaintiff, the company secured nationwide commercial exhibition rights to broadcast "Oscar De La Hoya v. Manny Pacquiao Welterweight Championship Fight Program" (the "Program"). (Doc. 14 at 4). However, Plaintiff contends the Program was broadcast in Los Manjares Restaurant without the purchase of a proper sublicense. *Id.* at 5.

Defendant Aurelio Cortes was properly served with the First Amended Complaint, but failed to respond within the time prescribed by the Federal Rules of Civil Procedure. Upon application of Plaintiff, default was entered against Defendant pursuant to Fed. R. Civ. P. 55(a) for his failure to answer on April 16, 2012. (Doc. 18). Plaintiff now seeks the entry of default judgment against Defendant. (Doc. 19).

## II.     Applications for Default Judgment

The Federal Rules of Civil Procedure govern applications to the Court for issuance of default judgment. Where a default was entered because "a party against whom a judgment for relief is sought has failed to plead or otherwise defend," the party seeking relief may apply to the court for a default judgment. Fed. R. Civ. P. 55(a)-(b). An application for default judgment qualifies as a motion before the Court. *Johnson v. Cate*, 2009 U.S. Dist. LEXIS 57942, at *2 (E.D. Cal. June 23, 2009). Therefore, Plaintiff's application "should include briefs on the pertinent issues." *Id.*; see also Local Rule 230(b).

Significantly, however, Plaintiff seeks default judgment on a claim arising under the Federal Communications Act of 1934, arising under 47 U.S.C. § 605. (Doc. 19). This claim is not present in Plaintiff's First Amended Complaint, which alleges violations of the Copyright Act arising under 17 U.S.C. § 501. (Doc. 14 at 3-7). A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleading." Fed. R. Civ. P. 54(c). Accordingly, supplemental briefing is required on the alleged violations of the Copyright Act and the amount award requested by Plaintiff.

## III.    Default Judgment against a Single Defendant

Under the Federal Rules of Civil Procedure: "When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—a or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R.

Civ. P. 54(b).  Therefore, the Court has discretion to decline entry of default judgment where a just reason exist to delay entry of a final judgment to defendants Jose Gomez and Silvia Gomez.

The Supreme Court warned that "absurdity might follow" in instances where a court "can lawfully make a final decree against one defendant . . . while the cause was proceeding undetermined against the others." *Frow v. De La Vega*, 82 U.S. 552, 554 (1872).  Moreover, "[c]onsiderations of fairness and the sound administration of justice are also applicable to the entry of default judgment in a case involving multiple parties or claims." *Johnson*, 2009 U.S. Dist. LEXIS 57942, at *5.  The Ninth Circuit held that a court should not enter default judgment where "the defendants are similarly situated defendants, even if not jointly and severally liable, and where delay is necessary to avoid an inherently inconsistent result." *Id., citing In re First T.D. & Investment, Inc.*, 253, F.3d 520, 532 (9th Cir. 2001).

Here, it is unclear whether Plaintiff intends to pursue its claims against Jose Gomez and Silvia Gomez given the notice of a bankruptcy proceeding, or whether Plaintiff has abandoned these claims by filing an amended complaint identifying Aurelio Cortez as a defendant, and seeking default judgment against him alone.

**IV.     Conclusion**

Plaintiff failed to address its claim for a violation of the Copyright Act by Defendant in its request for default judgment.  In addition, it is unclear whether default judgment against Defendant is proper while Jose Gomez and Silvia Gomez would remain in the action.

Accordingly, **IT IS HEREBY ORDERED**: Plaintiff **SHALL** file supplemental points and authorities in support of its application for default judgment, addressing the issues set forth above, no later than **September 5, 2012**.

IT IS SO ORDERED.

Dated:   **August 21, 2012**                    **/s/ Jennifer L. Thurston**
                                                                   UNITED STATES MAGISTRATE JUDGE

3