UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> JOSE ALFREDO GOMEZ, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No.: 1:10-cv-02249 - LJO - JLT <br><br> ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT <br><br> (Doc. 24) |

J & J Sports Productions, Inc., ("Plaintiff") seeks the entry of default judgment against Aurelio Cortez, individually and doing business as Los Manajares Restaurant ("Defendant"). (Doc. 19). On October 15, 2012, the Magistrate Judge issued findings and recommendations that Plaintiff's motion be granted in the amount of $12,000. (Doc. 24). Plaintiff filed timely objections on October 29, 2012. (Doc. 25).

**I.  Findings of the Magistrate Judge**

The Magistrate Judge determined the factors set forth by the Ninth Circuit in <u>Eitel v. McCool</u> for the entry of default judgment weighed in favor entry of default. (Doc. 24 at 3-7). First, the Magistrate Judge found Plaintiff would be prejudiced if default judgment is not granted at this time. See <u>J & J Sports Prods. v. Rodriguez</u>, 2010 U.S. Dist. LEXIS 20288, at *7 (E.D. Cal. March 5, 2010). Second, the Magistrate Judge found that Plaintiff sufficiently stated claims for a violation of the Copyright Act and conversion.  Third, in considering the sum of money at

1  stake, the Magistrate Judge found factor weighed against the entry of default judgment given the
2  substantial amount sought against Defendant. See, e.g., Joe Hand Promotions v. Streshly, 655
3  F.Supp.2d 1136, 1136 (S.D. Cal. 2009) (amount requested of $100,875 was "manifestly
4  excessive under existing law"). Fourth, the Magistrate Judge found there is little possibility of
5  dispute concerning material facts because Defendant has not appeared in the action. Finally, the
6  Magistrate Judge found that it was unlikely that the entry of default by the Clerk of Court was not
7  the result of excusable neglect. See Shanghai Automation Instrument Co., Ltd. v. Kuei, 194
8  F.Supp.2d 995, 1005 (N.D. Cal. 2001).

9       In addition to weighing the Eitel factors, the Magistrate Judge noted "the question arises
10 as to whether the Court has the discretion to enter default judgment against less than all of the
11 defendants" because other defendants remain in the action. (Doc. 24 at 7). The Magistrate Judge
12 observed that the Federal Rules of Civil Procedure direct the entry of final judgment "only if the
13 court expressly determines that there is no just reason for delay." (Id.) (quoting Fed. R. Civ. P
14 54(b)). The Magistrate Judge determined there was not a risk of inconsistent results among the
15 defendants because "all defendants have already had default entered." (Id. at 8).

16      Having found the entry of default judgment was appropriate, the Magistrate Judge turned
17 to the amount of damages to be awarded. Under the Copyright Act, a copyright owner may
18 recover either (1) actual damages and any additional profits of the infringer, or (2) statutory
19 damages amounting to a minimum of $750 and maximum of $30,000 per copyright infringement,
20 as the Court considers just. 17 U.S.C. §§ 504(a), (c). Considering facts alleged such as the
21 advertisements placed at Los Manajares Restaurant, display of the Program on two television sets
22 including "a big screen," and the number of patrons present, the Magistrate Judge determined an
23 award of $12,000 was appropriate. (Doc. 24 at 8-9). Because Plaintiff elected to receive statutory
24 damages rather than actual damages, the Magistrate Judge explained "damages for conversion are
25 subsumed into the total of $12,000." Id. at 9 (citing J &J Sports Productions v. Mannor, 2011
26 U.S. Dist. LEXIS 32367, at *7 (E.D. Cal. Mar. 28, 2011) (declining to award damages for
27 conversion because "plaintiff has been sufficiently compensated through the federal statutory
28 scheme").

## II. Plaintiff's Objections

Plaintiff objects to the amount of statutory damages awarded, and asserts "this Court should increase the statutory damages awarded to Plaintiff to $150,000." (Doc. 25 at 3). According to Plaintiff, the recommended award is insufficient under the facts of the case and does not sufficiently address Defendant's willful infringement. (Id.) Plaintiff notes that when a copyright owner demonstrates infringement was committed willfully, the Court may increase an award of statutory damages up to $150,000. (Id. at 4) (citing 17 U.S.C. § 504(c)(2)). Plaintiff contends Defendant's conduct "should be considered willful," because he "must have undertaken specific wrongful actions to intercept and/or receive and broadcast the encrypted telecast." (Id. at 5). Further, Plaintiff argues deterrence is an important objective of the Copyright Act, and asserts the damage award should be increased for this purpose. (Id. at 8-9) (citing, e.g., J & J Sports Productions, Inc. v. Herrera, 2011 WL 643413, at *4 (E.D. Cal. Feb. 17, 2011) ("the Court is also mindful that minimal damage awards may result in a perceived lack of consequences for signal piracy"). For all these reasons, Plaintiff asserts the Court "should reject the damages recommendation . . . and increase the damages awarded to Plaintiff to an amount more commensurate with Defendant's willful infringement." (Id. at 8).

## III. Discussion

As observed by both the Magistrate Judge and Plaintiff, an award of statutory damages may range from $750 to $30,000 "as the court considers just." 17 U.S.C. § 504(c)(1). Further, the award may be increased for willful violations. 17 U.S.C. § 504(c)(2).

Here, the Magistrate Judge noted the structures of the Copyright Act and the Communications Act are similar, and considered factors to determine an appropriate award, including: "the seating capacity of the establishment, the number of patrons present at the time of the broadcast, whether there was a cover charge, whether the Defendant advertised the broadcast, the number and size of televisions used for the broadcast, and whether a premium was charged on food or drink." (Doc. 24 at 8) (citing J & J Sports Prods. v. Brown, 2011 U.S. Dist. LEXIS 142711, at *11-12 (E.D. Cal. Dec. 11, 2011)). Specifically, the Magistrate Judge noted there was not a cover charge, and the investigator did not note whether a premium was charged

3

for food or drinks. (Id.) Further, the investigator did not identify the capacity of the restaurant, although he noted there were about 40 people present. (Id.) The fight was advertised "with a four-foot banner on the walkway, with pictures of Oscar de La Hoya and Manny Pacquiao . . . [and] a poster on the doors of the restaurant." (Id. at 8-9). Given these factors, the Magistrate Judge found "an award of $12,000 is appropriate." (Id. at 9).

As noted by the Magistrate Judge, Courts in this district have found the statutory maximum is not an appropriate award for a first-time offender, and in the absence of aggravating factors. (Doc. 24 at 9, n. 2); see, e.g., J & J Sports Productions, Inc. v. Morales, 2012 U.S. Dist. LEXIS 30942 (E.D. Cal. March 8, 2012) (awarding $4,400 in statutory damages where the sublicense cost $2,200 for the broadcast that the defendants displayed on three televisions, ranging in size up to 54"); J & J Sports Productions v. Sorondo, 2011 U.S. Dist. LEXIS 99951 (E.D. Cal. Sept. 6, 2011) (awarding $3,600 in statutory damages, an amount two times the cost of a sublicense). Accordingly, the Magistrate Judge concluded the statutory maximum was not an appropriate award.

Notably, Plaintiff has only requested default judgment against a single defendant, while two others remain in the action. As stated by the Magistrate Judge, the award of $12,000," is more than five times the cost of a proper sublicense for the Program, [and] both compensates Plaintiff for the wrongful act and is a suitable deterrent against future acts of copyright violation." (Doc. 24 at 9-10). Moreover, Plaintiff fails to offer meaningful support for $150,000 assessed against one of three defendants.

**IV.  Conclusion and Order**

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and Britt v. Simi Valley United School Dist., 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court finds that the findings and recommendation are supported by the record and by proper analysis.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Findings and Recommendations filed October 15, 2012 (Doc.24) are
   **ADOPTED IN FULL**;

4

2. Plaintiff's request for default judgment against Defendant Aurelio Cortez for the violation of the Copyright Act and conversion is **GRANTED** in the amount of $12,000.00; and

3. Plaintiff SHALL file its application for attorney's fees pursuant to 17 U.S.C. § 505 no later than fourteen days from date of service of this Order.

IT IS SO ORDERED.

Dated:   **October 30, 2012**          /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE